3:10cv01402(AVC).  04/18/13.  The plaintiff's motion for summary judgment is denied.  The court concludes that the defendant has presented sufficient evidence to create material issues of fact for trial.  Specifically, with respect to whether Wal-Mart customers use the plaintiffs' property as a path to the store, the defendant cites to the store manager's affidavit and an Aeschliman Land Survey to demonstrate that the defendant installed a fence on the property in 2008.  The land survey also opines that "no person is crossing the properties . . . to gain access to the Wal-mart [sic] property" because the property line is heavily wooded and has dense underbrush with steep slopes.  The plaintiff further admits that "the fence has now been completely fixed."

With respect to whether the Wal-Mart Tire & Lube Center continuously produces too much noise, the defendant cites to the store manager's affidavit and an environmental sound survey.  The store manager states that Wal-Mart installed an air conditioning and exhaust ventilation system at the Tire & Lube Center so that employees can keep the doors closed.  He further insists that "the bay doors remain closed at all times."  Furthermore, the environmental sound survey, performed by Bennet M. Brooks of Brooks Acoustics Corporation, found that "[t]he measured sound levels attributable to store operations at the property line test location were compliant with both the daytime and nighttime limits as specified by the [Regulations of Connecticut State Agencies] Section 22a-69 and the City of West Haven noise ordinance."

With respect to whether truck drivers make late night deliveries and leave their trucks idling for extended periods of time, the defendant cites to the store manager's affidavit and seven photographs of the road near the store.  The affidavit states that the store "turn[s] away any deliveries that are attempted between 9:00pm and 7:00am," and "install[ed] two large yellow gates on both sides of the [s]tore that prevent any trucks from making deliveries during the hours of 9:00 p.m. to 7 a.m."  The photographs depict the concrete gates.  The store manager's affidavit also maintains that the store strictly enforces no idling policies and has posted "No Idling" signs in front of the Tire & Lube Center and by the loading dock.

The court concludes that the defendant has presented sufficient evidence to create issues of material facts for trial.  It is well-established that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 390 (1986).  The court concludes there are issues of material fact and, therefore, summary judgment is not appropriate.

                                                                                                /s/  
                                            Alfred V. Covello  
                                            United States District Judge